PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

> U.S. DISTRICT COURT
> NORTHERN DISTRICT OF TEXAS
> **FILED**
>
> MAR 2 3 2022
>
> CLERK, U.S. DISTRICT COURT
> By_____
>      Deputy

## IN THE UNITED STATES DISTRICT COURT

### FOR THE ___NORTHERN___ DISTRICT OF TEXAS

### ___SAN ANGELO___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

___MICHAEL EDWARD YNOSTROSA___

**PETITIONER**
(Full name of Petitioner)

vs.

___GARTH PARKER, DIRECTOR___

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

___ALFRED HUGHES UNIT___

**CURRENT PLACE OF CONFINEMENT**

___2086573___

**PRISONER ID NUMBER**

6:22-CV-014-H

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis Data* Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

_____

## PETITION

### What are you challenging? (Check all that apply)

- [X] A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _35th District Court of_

    _Mills County_

    _____

2.  Date of judgment of conviction: _August 22, 2016_

3.  Length of sentence: _30 years_

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _3127 Possession of a Controlled Substance_

    _With Intent to Deliver in a Drug Free Zone_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☐ Not Guilty  ☐ Guilty  ☒ Nolo Contendere

6.  Kind of trial: (Check one)  ☐ Jury  ☒ Judge Only

7.  Did you testify at trial?  ☒ Yes  ☐ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? __Sixth Court__

    __of Appeals__ , Cause Number (if known): __06-16-00183-CR__

    What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

    What was the date of that decision? __August 11, 2017__

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: __N/A__

    _____ __N/A__ _____

    Result: __N/A__ _____

    Date of result: __N/A__  Cause Number (if known): __N/A__

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: __N/A__ _____

    Date of result: __N/A__ _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __Court of Criminal Appeals of Texas__

    Nature of proceeding: __State 11.07 Habeas Corpus__

    Cause number (if known): __WR-92, 895-01__

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:    June 15th, 2021

Grounds raised:    Plea was not voluntarily and intelligently made.  Ineffecive

   Assistance of Counsel at trial and on Appeal.  Petitioner was denied Due Process.

Date of final decision:    September 8th, 2021

What was the decision?    Denied Without Written Order

Name of court that issued the final decision:    Court of Criminal Appeals of Texas

As to any second petition, application or motion, give the same information:

Name of court:    N/A

Nature of proceeding:    N/A

Cause number (if known):    N/A

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised:    N/A

_____    N/A _____

Date of final decision:    N/A

What was the decision?    N/A

Name of court that issued the final decision:    N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☒ No

   (a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future:    N/A

   _____    N/A _____

   (b)    Give the date and length of the sentence to be served in the future:    N/A

   _____    N/A _____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☒ No

**Parole Revocation:**

13.   Date and location of your parole revocation:   _N/A_

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16.   Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:   _N/A_

Disciplinary case number:   _N/A_

What was the nature of the disciplinary charge against you?   _N/A_

18.   Date you were found guilty of the disciplinary violation:   _N/A_

Did you lose previously earned good-time days?   ☐ Yes   ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:   _N/A_

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:   _N/A_

_N/A_

_N/A_

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result:   _N/A_

-5-

Date of Result: _____ *N/A*

Step 2  Result: _____  _____ *N/A*

Date of Result: _____ *N/A*

**All petitioners must answer the remaining questions:**

20.   For this petition, state every **ground on which** you claim that you are being **held** in violation of the Constitution, laws, or treaties of **the United States**. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may **attach pages stating** additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

Counsel failed to conduct investigation prior to advising Petitioner to plead no contest; therefore, Petitioner's plea was not voluntarily and intelligently made due to ineffective assistance of counsel.

**FACTS SUPPORTING GROUND ONE:**

Petitioner was charged by indictment with possession of methamphetamine with the intent to deliver 4 grams or more but less than 200 grams. The State's laboratory test indicates the substance was methamphetamine and it weighed 4.52 grams. Petitioner requested counsel to have an independent laboratory drug test conducted, which was his right under statute Art. 39.14 of the Texas Code of Criminal Procedure. And counsel could have but did not file an AKE Motion for funds to have an independent lab test conducted. Instead, counsel relied on the State's lab results and used the State's lab report to convince Petitioner to go against his decision to plead not guilty and exercise his right to a trial by jury. And upon seeing Petitioner did not want to plead guilty, counsel advised Petitioner to plead no contest and to waive his right to a trial by jury wihtout conducting an independent test of the drug evidence. Petitioner's plea of no contest was not based on an informed choice because counsel did not conduct an independent drug investigation to discover:

(1) Whether or not the substance seized was actually methamphetamine; and if so

(2) Whether or not the weight was what the State alleged it to be or less.

Without conducting an investigation of the drug evidence prior to advising Petitioner to

plead no contest fell below an objective standard of reasonableness and prejudiced Petitioner

because he entered his plea without making an informed choice.

**GROUND TWO:**

Plea was not knowingly and intelligently made because had Petitioner known he had a defense, he would have plead not guilty and had a trial by jury.

**FACTS SUPPORTING GROUND TWO:**

Petitioner had a disagreement with his wife concerning him leaving home with their child because he was intoxicated and did not have a car seat. Officer Brown arrived and eventually searched Petitioners vehicle. At Petitioner's plea hearing, he testified: Petitioner appeared to be under the influence of drugs and he found methamphetamine and a meth pipe. See R.R. Vol. 3: 19 at 19-21; p. 20 at 1-2 id and p. 29 at 4-5 id. Petitioner was charged with possession with intent to distribute 4 grams or more but less than 200 grams of methamphetamine. Before he plead no contest, he had a bond hearing and he testified he had a drug problem with methamphetamine. He was a user not a seller and his addiction began 2 months before his arrest. See R.R. Vol. 2: 8 at 8-12; p. 13 at 8-20 id. and at his plea hearing he testified he used and did not sell. See R.R. Vol. 35 109 at 1-11.

At the time of his arrest he had less than 100 dollars in cash. Petitioner would not have pleaded no contest had he known: under Health and Safety Code § 481.112 in determining whether accused had intent to deliver include:

(1) Nature and location of arrest;

(2) Quantity possessed;

(3) Manner of packaging;

(4) Presence or lack thereof, of drug paraphernalia for either use or sale;

(5) Possession of large amounts of cash;

(6) Accused's status as a drug user.

Petitioner was arrested at his residence not a drug area, the alleged controlled substance weighed 4.52 grams according to the State, it was in a simple plastic baggy and a meth pipe was found with it because he had been smoking the substance, he did not have a large amount cash, and he was known as a drug user. Based on these facts, Petitioner now knows he had a defense. Had he known this prior to pleading no contest (he plead no contest because he did not want to plead guilty), he would not have plead no contest knowing he had a defense. He would have plead not guilty and insisted on a trial by jury.

**GROUND THREE:**

Trial counsel displayed a lack of knowledge of The Texas Rules of Evidence concerning drug

evidence which allowed State to use exhibit 13 to support finding of guilt.

**FACTS SUPPORTING GROUND THREE:**

Petitioner. was charged by indictment with possessing methamphetamine. He agreed to plead no

no contest but did not stipulate that State's exhibit 13 was the baggy of methamphetamine

seized from him. A laboratory test was done but was not admitted into evidence as proof

exhibit 13 was methamphetamine and chemist did not testify. Counsel should have known that

before exhibit 13 was admitted into evidence:

(1) The State being the proponent of the scientific evidence bears the burden of proving to

trial court that the evidence is sufficiently relevant and reliable and that because exhibit

13 was evidence derived from a scientific theory it had to meet 3 criteria under Rule 702 in

order to be reliable in this case:

   (a) scientific theory had to be valid;

   (b) technique applying theory had to be valid; and

   (c) technique had to be properly applied; and

(2) Under Rule 901 the State had to prove the chain of custody from point of seizure to the

laboratory test because it involved chemical analysis. In this case, the State could not

prove reliability of State's exhibit 13 because the lab analysis was not admitted into

evidence and the chemist did not testify which prevented State from meeting the 3 criteria

mentioned herein, and could not authenticate the evidence from out of the laboratory to

show a complete chain of custody. The record reflects State admitted exhibit 13 (a baggy of

alleged methamphetamine) only through the testimony of Officer Brown, See R.R. Vol. 3: 66

and 67 at 1-4. The record reflects counsel's lack of knowledge of the rules of evidence

prevented him from making proper objections under Texas Rules of Evidence Rules 702 and 901

to prevent State's exhibit 13 into evidence and it fell below an objective standard of

reasonableness and harmed Petitioner because he was convicted through the use of scientific

evidence which was not properly authenticated and was not proven to be relevant or reliable.

**GROUND FOUR:**

Appellate counsel failed to raise on appeal trial counsel's ineffectiveness for allowing the

State to admit scientific evidence into evidence without showing its' reliability or showing
a complete chain of custody.

**FACTS SUPPORTING GROUND FOUR:**

The record reflects, Appellate counsel knew Petitioner plead no contest to possession of

methamphetamine, and signed a written stipulation but did not state clearly and firmly

State's exhibit 13 was methamphetamine, or that it was seized from him. See Exhibit #1

Stipulation. The record reflects, State's Exhibit 13 was admitted into evidence without a

laboratory test or chemist's testimony. She is the chemist that conducted and completed the

lab analysis and her testimony was needed to show:

(A) The scientific theory used was valid;

(B) Technique applying theory was valid; and

(C) Technique was properly applied in this case as required by Rule 702.

Additionally, chemist did not testify to establish a proper chain of custody from the

laboratory as required by Rule 901. The record reflects without objection State's

exhibit 13 was admitted into evidence solely on the testimony of Officer Brown. See R.R.

Vol. 3: pgs. 66 and 67 at 1-4. Appellate counsel knew trial counsel should have known

methamphetamine is evidence derived from a scientific theory. And without chemist's testimony

the State could not admit exhibit 13 into evidence because it's reliability could not be proven to the court and a complete chain of custody could not be established. And that counsel's failure to make a Rule 702 or 901 objection was not trial strategy and resulted in Petitioner being harmed because exhibit 13 was drug evidence derived from a scientific theory which was not shown to be reliable nor properly authenticated and Petitioner was harmed because it was used to support his conviction. This was an ineffective assistance of counsel claim supported by the record but instead of raising the claim, counsel filed an Ander's Brief and in it raised a frivilous ineffective assistance of counsel claim.

**GROUND FIVE** : Petitioner was denied due process and due course of law because the State failed to give sufficient written notice that it would seek a deadly weapon finding in his case

14TH AMENDMENT U.S. CONSTITUTION; ARTICLE 1 § 19 TEXAS CONSTITUTION

**FACTS SUPPORTING GROUND:**

Petitioner was denied a fair trial by the failure of the indictment to notify him that the State would seek a deadly weapon finding in his case. The indictment does not give Petitioner notice that the State would seek a

deadly weapon finding. (Exhibit"A") Nor was there sufficient written notice prior to trial that the State would seek a deadly weapon finding. The

judgment however does reflect that a finding of a deadly weapon was used or exhibited. (Exhibit"B") The State did not plead in the indictment

that Petitioner used or exhibited a deadly weapon in the commission of the offense. Nor did the State file any special plea that would give

Petitioner sufficient written notice that the State intended to seek an affirmative finding of a deadly weapon in his case. In no event could

it be said under these circumstances that a fair and impartial proceeding occurred. Petitioner was surprised at trial to hear that the State would

seek a deadly weapon finding in his case. See (3 R.R. 5) Petitioner plead not true to the deadly weapon finding - which the Court accepted his

plea. See (3 R.R. 6) Had the State gave Petitioner sufficient written notice that it would seek a deadly weapon finding in his case - he would .

have been able to effectively cross-examine the State's witnesses, or he would have been able to adduce crucial testimony that could have been

given by potential witnesses. Petitioner can also establish prejudice. An inmate serving a sentence for an offense described by Section 3g(a);

Article 42.12, Code of Criminal Procedure, or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that

article, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals

one-half of the sentence. id. Without the deadly weapon finding - he would be eligible for parole right now. Because that's not the case -

he has to serve half of his sentence before ever becoming eligible for
parole.
Petitioner    respectfully request that this Court: (1) designate this issue

for future resolution; (2) if neccessary, conduct an evidentiary hearing
to answe any factual question's neccessary to determine the merits of

Petitioner's claim; (3) after full consideration of the issue raised by
this application, recommend to the Court of Criminal Appeals that the

writ be granted; and (4) grant such other and further relief as may seem
just.

**GROUND** SIX       : Petitioner's appellate attorney was ineffective because
he failed to raise on appeal insufficient evidence regarding (1) a deadly
weapon finding, and (2) intent to deliver

6TH & 14TH AMENDMENT U.S. CONSTITUTION; ARTICLE 1 § 10 TEXAS CONSTITUTION

**FACTS SUPPORTING GROUND:**

Petitioner's    appellate attorney was ineffective because he failed to

raise two significant and obvious issues on direct appeal. Specifically,

counsel failed to argue that the evidence was legally insufficient to

establish Petitioner's guilt beyond a reasonable doubt, specifically

with regards to the element of, "intent to deliver" and specifically,

with regards to a, "deadly weapon finding."

Other than possessing the drugs, there was no evidence of any drug

dealing. No witness sufficiently explained why they believed the drugs

Petitioner   possessed were being sold or used to deliver. The record does

not support that Petitioner sold drugs, nor did the State prove beyond a

reasonable  doubt that he had the intent to deliver them. But more

importantly, no witness can say that they saw Petitioner selling or dealing

drugs. Simply put, it is beyond belief that Petitioner was a drug dealer.

No fact-finder could find, based on these facts (evidence), that there

was an intent to deliver drugs in this case. If this issue was raised on direct appeal, there is a reasonable probability this case would have resulted in a reversal of the conviction, or an order for a new trial, thereby making it prejudicial. The intent to deliver bumped the offense level up to a first degree felony making the punishment more sever.

The same goes for the finding of a deadly weapon. The deadly weapon finding prevent's Petitioner from being reviewed by parole until he has served one half of his sentence. Without the deadly weapon finding - this Petitioner would be eligiable for parole today.

Petitioner respectfully requests that this Court: (1) order appellate counsel to provide the Court with an affidavit explaining his reasons as to the alleged ineffectiveness; (2) if necessary, conduct an evidentiary hearing to answer any factual questions necessary to determine the merits of Petitioner's claim; (3) after full consideration of the issue raised by this application, recommend to the Court of Criminal Appeals that the writ be granted; and (4) grant such other further relief as may seem just.

21. Relief sought in this petition:   For a new trial on guilt and innocent or a new

sentencing trial in the interst of justice and fairness.

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ N/A _____

_____ N/A _____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☒ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes  ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____

_____ N/A _____

_____ N/A _____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. ____ N/A ____

_____ N/A _____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: ___ Tommy Adams _____

(b)  At arraignment and plea: ___ None _____

(c)  At trial: ___ Tommy Adams _____

(d)  At sentencing: ___ Tommy Adams _____

(e)  On appeal: ___ Tommy Adams _____

(f)  In any post-conviction proceeding: ___ Pro se _____

(g)   On appeal from any ruling against you in a post-conviction proceeding: _Pro se__

_____

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

The date on which the Factual Predicate of the Claim or Claims presented

could not have been discovered through the exercise of due dilligence.

Covid issues were extraordinary circumstances that stood in my way.

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant such relief to which he may be entitled.

_____

**Sig**nature of Attorney (if any)

_____

I declare (or certify, verify, or **state**) **under penalty** of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus **was** placed in the prison mailing system on

March 22 2022 _____ (**month, day, year**).

Executed (signed) on March 22 2022 _____ (date).

Michael Ynostrosa
_____

**Sig**nature of Petitioner (**required**)

Petitioner's current address: Alfred Hughes Unit

RT 2 Box 4400 Gatesville Tx 76597